PROB 12M
(10/01-D/CO)

# UNITED STATES DISTRICT COURT

for

DISTRICT OF COLORADO

U. S. A. vs. JOHN MARQUEZ                                    Docket No. 05-cr-00507-WDM-01

**Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release**

      COMES NOW, Dee A. Clark, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of JOHN MARQUEZ who was placed on supervision by the Honorable Walker D. Miller, sitting in the Court at Denver, Colorado, on the 19th day of May, 2006, who fixed the period of supervision at one (1) year, commencing March 17, 2009, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Petitioner states there is probable cause to believe that the Defendant has violated a condition of his supervised release as more particularly described in the attachment which is incorporated by reference.

Pursuant to 18 U.S.C. § 3606, Petitioner requests that the Court issue a warrant for the arrest of the Defendant who violated a condition of his supervised release and that this petition and the warrant be sealed until after Defendant's arrest. Subsequent to the arrest of the defendant, that the Court consider revocation of supervised release.

I state under penalty of perjury that the foregoing matters are true and correct to the best of my knowledge and belief.

Executed this 19th day of November, 2009.

                                                      s/ Dee A. Clark
                                                      Dee A. Clark, Senior U.S. Probation Officer

### ORDER OF THE COURT

Based upon the foregoing, I find probable cause exists to believe the Defendant has violated a condition of his supervised release. I order that a warrant for Defendant's arrest be issued and that this Petition and Order, as well as the warrant, be sealed until Defendant's arrest.

Dated this 23rd day of November, 2009.

                                                      s/ Walker D. Miller
                                                      WALKER D. MILLER, Senior U.S. District Judge

**ATTACHMENT**

On April 7, 2009, the conditions of supervised release were read and explained to the defendant. On the same date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on April 1, 2009.

The defendant released from the Bureau of Prisons on March 17, 2009. At that time, he was released to the Colorado Department of Corrections. He was granted parole on April 1, 2009, which is being served concurrently with his term of supervised release. The defendant is being supervised by State Parole Officer Lisa Robles. According to Officer Robles, the defendant is required to attend substance abuse counseling and submit random urinalysis testing at Independence House South. Officer Robles and I have coordinated services so that the defendant is attending one treatment agency with the state to fulfill his requirements for both state parole and federal supervision. The defendant has signed a release of information with Officer Robles so that I can have access to his urinalysis testing results and treatment reports.

The defendant has committed the following violations of supervised release:

**1.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**:

On or about June 2, 2009, the defendant used or administered a controlled substance, cocaine, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On June 2, 2009, the defendant submitted a random urine sample at Independence House that tested positive for cocaine. On June 4, 2009, during a contact with Officer Robles, the defendant admitted that he had used alcohol and cocaine after arguing with his girlfriend the previous weekend.

**2.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**:

On or about June 4, 2009, the defendant used or administered a controlled substance, cocaine, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On June 4, 2009, the defendant submitted a random urine sample at Independence House that tested positive for cocaine. On the same day, during a contact with his state parole officer, the defendant admitted to using alcohol and cocaine after arguing with his girlfriend the previous weekend.

**3.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**:

On or about August 31, 2009, the defendant used or administered a controlled substance, cocaine, barbiturates, benzodiazepines and opiates, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 31, 2009, the defendant submitted a random urine sample at Independence House that tested

positive for cocaine, barbiturates, benzodiazepines and opiates.  The defendant admitted this use to Officer Robles.

**4.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE**:

On or about November 5, 2009, the defendant used or administered a controlled substance, barbiturates, opiates, and marijuana, which had not been prescribed to him by a physician.  This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On November 5, 2009, the defendant provided a random urine test at Independence House, which tested positive for barbiturates, opiates, and marijuana.  The defendant admitted this use to his state parole officer.

**5.     FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED BY THE PROBATION OFFICER**:

The defendant failed to provide urine tests at Independence House on May 21, June 20 and 26, July 21, August 14 and 16, September 9 and 25, and October 15, 2009, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 1, 2009, the defendant was directed by his state parole officer to report to Independence House to begin submitting random urine tests.  He failed to submit random urine tests on
May 21, June 20 and 26, July 21, August 14 and 16, September 9 and 25, and October 15, 2009.

**6.     FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**:

The defendant failed to attend counseling appointments at Independence House, the treatment program in which the probation officer and state parole officer, had directed him to participate, on July 23 and 30, August 20, and September 10, 2009.  This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 1, 2009, the defendant was directed by his state parole officer to participate in weekly relapse prevention groups.  He failed to attend group on July 23 and 30, August 20, and September 10, 2009.  The defendant was not excused from attending group on these dates.